IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID A. ANDERSON,                    :
                                      :
            Plaintiff                 :  No. 4:CV-04-754
                                      :
       v.                             :  Complaint Filed 4/7/04
                                      :
McTISH, KUNKLE & ASSOCIATES,          :  (Judge Muir)
                                      :
                Defendant             :

<u>ORDER</u>

July 13, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On April 7, 2004, Plaintiff, David A. Anderson, commenced this action under seal pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq.  The Defendants named in the complaint were New Enterprise Stone & Lime Co., Inc. ("New Enterprise"), and McTish, Kunkle & Associates ("McTish"). Anderson in the complaint alleged that New Enterprise and McTish violated section 3729(a)(1), (2) and (3) of the False Claims Act. (Count 1)  Anderson also contended that McTish violated section 3730(h) of the False Claims Act which prohibits retaliation by an employer against an employee for investigating or reporting fraudulent activity (Count 2).

Service of the complaint was delayed for an extended time to give the United States an opportunity to decide whether or not it should intervene in the action.  On November 30, 2005,

the United States filed a notice of election to decline intervention.[1]

On December 12, 2005, we issued an order unsealing the complaint and authorizing Anderson to serve the Defendants with it.  The complaint was served on McTish on April 4, 2006, but the docket does not indicate that it was served on New Enterprise. On May 2, 2006, Anderson filed an amended complaint consisting of one count and setting forth a claim of retaliation under section 3730(h) of the False Claims Act.  The amended complaint only named McTish as a Defendant.  However, the factual allegations relating to the alleged fraudulent activity set forth in the complaint and amended complaint are practically identical (see the original complaint paragraphs 18 through 37 and the amended complaint paragraphs 14 through 33).

On June 2, 2006, McTish filed a motion pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint for failure to state a claim upon which relief can be granted.  A brief in support of that motion was filed on June 8, 2006.  On June 21, 2006, Anderson filed a brief in opposition.  The motion became ripe for disposition on July 6, 2006, with the filing of McTish's reply brief.

---

1.  We are not permitted to draw any inference from the decision of the United States not to intervene in this case.  See, e.g., U.S. ex rel. Chandler v. Cook County, 277 F.3d 969, 974 n.5 (7th Cir. 2002)("There is no reason to presume that a decision by the Justice Department not to assume control of the suit is a commentary on its merits.  The Justice Department may have myriad reasons for permitting the private suit to go forward including limited prosecutorial resources and confidence in the relator's attorney.").

Motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim are not favored and are to be granted sparingly. Dann v. Studebaker-Packard Corporation, 288 F.2d 201, 215 (6th Cir. 1961). When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Colburn v. Upper Darby Township, 835 F.2d 663, 665-66 (3d Cir. 1988). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. See Conley v. Gibson, 355 U.S. 41, 44-46 (1957). A complaint is sufficient if it contains only a short and plain statement of the plaintiff's claim showing that the plaintiff is entitled to relief. Rule 8(a), Fed. R. Civ. P. A plaintiff need only aver generalized facts and not evidentiary facts. American Technical Machinery Corp. v. Masterpiece Enterprises, Inc., 235 F. Supp. 917 (M.D. Pa. 1964). However, the court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts". Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting Mescall v. Burrus, 603 F.2d 1266, 1269 (7th Cir. 1979)). Likewise, the court need not "conjure up unpled allegations or contrive elaborately arcane scripts" in order to breathe life into an otherwise defective complaint. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). All reasonable factual inferences

3

are drawn to aid the pleader.  So long as a complaint contains

facts upon which relief can be granted on any legally sustainable

basis and a defendant is on notice as to the nature of the

claims, a claim is sufficient.[2]

    To state a claim under section 3730(h), the

"whistleblower" section of the the False Claims Act, a plaintiff

need not actually file a False Claim Act suit. <u>Hutchins v.</u>

<u>Wilentz, Goldman & Spitzer</u>, 253 F.3d 176, 188 (3d Cir. 2001)("The

False Claims Act was enacted to encourage parties to report

fraudulent activity and was intended to 'protect employees while

they are collecting information about a possible fraud, before

they have put all the pieces of the puzzle together.'")(citation

omitted).  To state a claim under section 3730(h) a plaintiff

must allege facts indicating the following:

> (1) the plaintiff engaged in "protected conduct," i.e.,
> acts done in further of an action under section 3730;
>
> (2) the employer was on notice of the distinct
> possibility of False Claim Act litigation; and
>
> (3) the employer's retaliation was motivated, at
> least in part, by the plaintiff's engaging in
> protected conduct.

---

2.  We also note that the Court of Appeals for this circuit in an
unpublished opinion reversing the judgment of this court has on
at least one occasion indicated that an amended complaint should
not be dismissed if the facts "when viewed in their totality and
supplemented by information obtained in discovery, might support
an inference of liability . . . ."  <u>Kulp v. Veruette</u>, No. 04-
3139, slip op. *10, (3d Cir. Jan. 9, 2006).

Id. at 189 n.9.  As for the first element, internal reporting and investigation can be considered protected activity. Id. at 187 One Court has noted that "[i]t would [not] . . . be in the interest of law-abiding employers for the [False Claims Act] to force employees to report their concerns outside the corporation in order to gain whistleblower protection. Such a requirement would bypass internal controls and hotlines, damage corporate efforts at self-policing, and make it difficult for corporations and boards of directors to discover and correct on their own false claims made by rogue employees and managers." United States ex rel. Yesudian v. Howard Univ., 153 F.3d 731, 742 (D.C.Cir. 1998).

In light of these standards the court will now consider McTish's motion to dismiss the amended complaint.

In the amended complaint Anderson alleges that he exposed fraudulent billing practices in connection with a highway project funded by the Federal Highway Administration. Anderson was an engineer employed by McTish.  McTish, an engineering firm, was responsible for assisting the Pennsylvania Department of Transportation in overseeing the construction and administration of the highway project.

The project in questions is identified in the amended complaint as the "SR 15 Project".  That project involved construction along a six mile portion of  State Route 15 in Tioga County, Pennsylvania.  The location of the project was

approximately one mile north of the Blossburg,[3] Pennsylvania,
interchange to just south of Mansfield, Pennsylvania.  According
to the amended complaint the scope of the project included
grading and drainage for the construction of a four lane limited
access highway with ramps and reconstruction of State Route 15
and township roads T437, T443 and T473, including mitigation of
two wetlands, installation of guard rails, signs, pavement
markings and other related work.

        The project was financed by federal and state funds.
The contract number for the Federal Highway Administration was
Q98X037-149 and the contract number for the Pennsylvania
Department of Transportation was 037201. The contracts were
awarded to New Enterprise in or about March 2002 after it was
determined to be the low bidder in a bidding process that began
in or about February 2002.  The cost of the project was
approximately $27 million.

        Some of the alleged fraudulent behavior is outlined in
pertinent part in paragraphs 19 through 27 of the amended
complaint.  One aspect of the contract was a requirement that
when brush and trees were removed that all of the wood had to be
chipped and carted off-site for disposal. This was known as
"clearing and grubbing" and accounted for $1.8 million of the $27

_____

3.  The original complaint incorrectly referred to "Bloosburg"
and the amended complaint incorrectly refers to "Bloomsburg."
State Route 15 runs north from Williamsport all the way to the
border with the State of New York. Blossburg and Mansfield are
north of Williamsport along SR 15.  Bloomsburg is to the
southeast of Williamsport.

million contract.  The contract prohibited burning of such debris on site. New Enterprise hired a subcontractor, West Contracting, to preform this task.  West Contracting instead of disposing of the debris off-site burned the debris at the site.  The burning was done allegedly at the direction of New Enterprise.  As result of burning the debris at the site, New Enterprise saved approximately $1 million because it avoided transportation, handling and disposal expenses.

Anderson alleges that New Enterprise, McTish and the Pennsylvania Department of Transportation agreed to withhold from the Federal Highway Administration information about the burning of the debris.  Anderson claims he was told to keep this information away from inspectors of the Federal Highway Administration.  Anderson further claims that he raised the issue of the propriety of the burning on numerous occasions with representatives of McTish and the legality of not passing the cost saving on to the taxpayers through an equitable adjustment in the contract price of the project.

Anderson alleges he also observed the following billing improprieties in connection with the SR 15 Project:

(1) New Enterprise was not assessed liquidated damages when contract milestones were missed;

(2) New Enterprise was paid to maintain an accurate Critical Path Method schedule, but in fact the contractor did not timely update the Critical Path Method;

(3) New Enterprise's work followed no schedule and
invaded a "quarantine area" over objections of the
engineering design firm, thereby damaging the
embankment area and causing significant cost
overruns;

(4) New Enterprise used substandard material in the
rock face of the embankment; and

(5) New Enterprise failed to conduct proper tests on
the job site materials and the embankment.

As a result of his reporting his concerns, Anderson alleges he
was warned by fellow McTish employees to "watch what you say" and
to "cover your ass" the way they were doing.  Anderson further
alleges that he was instructed by McTish representatives to "let
things go," meaning to look the other way on contracting
irregularities.

Anderson alleges that he was laid off by McTish as of
November 15, 2002, and was told he would be rehired in the spring
of 2003.  When Anderson was not rehired in spring of 2003, he
contacted McTish and was told that the Pennsylvania Department of
Transportation did not want him rehired on the SR 15 Project
because he had raised problems with the contract administration
and because he "could not keep his mouth shut as he was told."

In the instant case, Anderson alleges he challenged the
legality of the activities of McTish, New Enterprise and the
Pennsylvania Department of Transportation.  Anderson contends
those activities involved fraudulent conduct which resulted in

8

inflated claims for payment, and that he was ordered to conceal those activities from the Federal Highway Administration.  Under the facts alleged we conclude that Anderson's amended complaint sufficiently states a cause of action under section 3730(h).[4]

       NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

       McTish's motion to dismiss (Doc. 20) is denied.


                            s/Malcolm Muir
                            MUIR, U.S. District Judge


MM:gs

---

4.  We further note that the facts alleged construed liberally potentially may state a claim under the First Amendment to the United States Constitution.  The facts suggest that McTish and the Pennsylvania Department of Transportation, a state actor, conspired to retaliate against Anderson for internally reporting fraudulent activity.  Although McTish is not a state actor, it could potentially be liable for such a violation if it acted in concert with a state actor.